THE NEW YORK CENTRAL RAILROAD COMPANY, A COR-PORATION, APPELLANT, v. ERSELIO STANZIALE, RE-SPONDENT.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *J. Victor D'Aloia.*

The opinion of the court was delivered by

LLOYD, J. This was an action to recover a freight charge for an interstate shipment from the consignee named in a straight bill of lading. The case was heard by the trial

judge on an agreed state of facts and the finding thereon was for defendant. From the judgment entered thereon the plaintiff appeals.

The freight charge was for a shipment of grapes from California to New York. The bill of lading named defendant as consignee, he being also the owner of the grapes by purchase. Before the grapes arrived defendant sold them to one Corrado, subject to all freight charges, and delivered the bill of lading to him. Corrado presented the bill of lading and obtained the grapes, but did not pay the freight charges.

The learned trial judge deduced from this state of facts that the railroad company had knowledge of the sale of the grapes to Corrado, and on this assumption reached the conclusion that when it delivered the freight without payment of the charges it thereby released the consignee.

Whether the railroad company knew of the sale of the grapes and the conditions of the sale we think unimportant. The shipment was under the Interstate Commerce act of 1887; section 6, subdivision 7, of which (41 *Stat. at L.* 474) provides that no carrier shall "refund or remit in any manner or by any device any portion of the rates, fares and charges" as "specified in the tariffs filed and in effect at the time." The tariffs governing shipment of the grapes had been filed and were then in effect.

The act has for one of its objects the prevention of discrimination by carriers in their rates in favor of preferred shippers, and with this end in view sought to make by statute rates which would be stable beyond the control of shipper and carrier alike or both. If by mere failure to collect the railroad company could release one liable for the charges it would circumvent the very purpose of the legislation and be in defiance of its provision that forbids remission of the legal charges "in any manner or by any device," and such has been the construction by the courts. *Louisville and Nashville Railroad Co.* v. *Central Iron and Coal Co.*, 265 *U. S.* 59, and cases there cited, and *Central Railroad of New Jersey* v. *National Asbestos Manufacturing Co.*, 127 *Atl. Rep.* 184 (*New Jersey Supreme Court*).

When in the present case the respondent as owner exercised dominion over the shipment by delivering the bill to Corrado with implied authority to get the grapes he became liable for the charges. .*Pittsburgh, &c., Railroad* v. *Fink,* 250 *U. S.* 577. Neither he nor the railroad could thereafter waive or release the freight charges except by payment.

The judgment is reversed.

*For affirmance*—None.

